LECATT *vs.* THE MERCHANTS' INS. CO., MOBILE.

1. The Writ of Right at common law, or as recognised by statute in this State, does not lie in favor of a tenant by the curtesy.

Error to the Circuit Court of Mobile. Tried before the Hon. John Bragg.

JONES & CUTHBERT, for plaintiff:

1. The writ of right, strictly so called, lies only in favor of one who claims a *fee simple estate.* But *other writs,* called *writs in the nature of writs of right,* lie to recover lands by persons claiming a free-hold less than a fee simple. 3 Black. Com. 193. Thus such a writ lies to recover *dower*—an estate strikingly analogous to curtesy. Roscoe on Real Actions, 29. It is laid down that a tenant by curtesy is entitled to the writ of *cessavit,* which is itself a writ in the nature of a writ of right. Ros. on Real Ac. 33. So where tenant in dower or *by curtesy* has lost his land by default in a possessory action, he can recover it by a writ *quod ei deforceat,* which is a writ in the nature of a writ of right. Roscoe on Real Actions 132; 2 Fitzh. Nat. Brev. 155–56. These analogies and authorities

17

show that the tenant by the curtesy is entitled to this writ. If it should be denied him, then there would follow the anomaly of a right without a remedy, which the law does not easily allow. 3 Black. Com. 192.

2. This court in the late case of Henry and wife v. Thorpe, 14 Ala. Rep. 103, has decided that the writ of right is an existing remedy in Alabama, and the same reasoning used in that case shows that the other writs in the nature of writs of right also exist in our laws.

CAMPBELL, contra:

1. The question in this cause is whether a tenant by curtesy can maintain a writ of right. The nature of the plaintiff's title appears in the declaration, and the question is presented to the court by the judgment on the demurrer. 3 Black. Com. 193, 194; Ros. on Real Act. 22, 176; 28 Law Lib. See for the different forms of the writ of right, Roscoe on Real Act. 3; 1 Fitz Herb. Natura Brev. 5.

CHILTON, J.—The plaintiff in error brought his writ in the nature of a writ of right, demanding as tenant by the curtesy certain real estate in the city of Mobile. The declaration was demurred to, and the court below sustained the demurrer, and gave judgment against the demandant for the cost, to reverse which judgment he brings the case to this court.

The question for our decision is, whether the tenant by the curtesy is entitled to the remedy resorted to in this case to recover his estate.

The writ of right, which, though it is recognized by our statute, has been rarely resorted to in this State, lay at the common law according to Judge Blackstone, principally in four cases: "1. Upon discontinuance by the alienation of tenant in tail, whereby he who had the right of possession had transfered it to the alienee, and therefore his issue, or those in remainder or reversion shall not be allowed to recover by virtue of that possession, which the tenant hath so voluntarily transfered. 2–3—In case of judgment given against either party, whether by his own default, or upon trial of the merits in any possessory action; for such judgment, if obtained by him who hath not the true ownership, is held to be a species

of deforcement, which however binds the right of possession, and suffers it not to be ever again disputed, unless the right of property be also proved.  4—In case the demandant who claims the right is barred from these possessory actions by length of time, and the statute of limitations.  In these four cases the law applies the remedial instrument of either the writ of right itself, or such other writs as are said to be of the same nature."  3 Black. Com. 191.  But this writ only lay for such as claimed to be tenants of the fee simple, and it is said " if the owners of a particular estate, as for life, in dower, by the curtesy, or in fee tail, are barred of the right of possession by a recovery had against them through their default or non appearance in a possessory action, they were absolutely without any remedy at the common law ;" ib. 193.  The statute of Westminster.2, 13 Edw. 1, c. 4, gave a new writ to such persons, after their lands had been recovered against them by default, called a *quod ei deforceat,* which partakes somewhat of a writ of right, and enabled him who had been deforced by his default to regain the right.  This remedy, it seems was confined to the particular case provided for, viz, the recovery against the demandant in a possessory action by *dafault or non appearance,* for where the party made defence and recovery was had against him, he was not entitled to this statutory remedy.  It is also said, that a tenant by the curtesy is only entitled to this writ by the equity of the statute not being specially named therein.  Roscoe on Real Actions, 132 ; 28 Law Lib. 94.  Neither was this writ technically considered in the nature of a writ of right, but was a writ of entry, and is so classed by Mr. Roscoe, page 88.  But it is unnecessary for us to consider this writ, which was conferred by the statute, since we have no statute which authorises it, and being unknown to the common law, it cannot be considered as of force here.

It is true, as is stated by the counsel, that for every right there is a remedy, (3 Blackstone's Com. 192,) but this maxim of the law does not imply that a party may not lose his remedy and consequently forfeit his right by his laches, by his failure to avail himself of the remedy which the law affords within the time prescribed by the statutes.  By our law, a party claiming as tenant by the curtesy, has his remedy by the or-

dinary action of ejectment, or trespass to try title. Rochon v. Lecatt, 1 Stewart's Rep. 609. And if he fail to bring his action within the time, which the statute prescribes as a bar to these remedies, he must lose his estate. As the common law gave the plaintiff no remedy, not being entitled to the writ of right or any writ in the nature of a writ of right, and as we have no statute similar to 13 Edw. 1 c. 4, it follows that the action in the present case cannot be maintained. It is true that by the common law, the widow was entitled to her writ of right of dower, when no part of her dower was assigned her, and that the nature of her title is very similar to that of curtesy, both being estates for life, and requiring a present seizin in law or in deed in the owner of the inheritance, whose death consummates the title which the marriage rendered *initiate*. Still, however, there was a difference. The estate of one is said to be in the *post*, the other *by the husband*. The tenant by the curtesy, being entitled to the *whole* estate of the wife for life, might immediately enter upon it after her death, whereas the widow, being entitled to only one third, must wait until it was assigned her by the heir, or until she obtained the allotment by judgment of law. 1 Hilliard on Real Property, 184, n. b. This may have constituted the reason for affording the tenant in dower a remedy by the writ of right, which was denied to the husband who claimed curtesy.

Neither can the plaintiff be aided by any analogy to be drawn from the remedy afforded by the absolute writ of *cessavit*. This writ, as a common law remedy lay for the owner of the estate against the tenant who had ceased for two years to pay the rent, or perform the service which his tenure required, not having sufficient goods and chattels on the land to be distrained. 2 Fitzherbert's Natura Brev. 208; Roscoe on Real Actions, 33. It did not lie for tenant in tail, or by the curtesy, until extended by statute, Westm. 2, c. 21; ib. c. 41.

We think the proper construction of our own statute which gives the writ of right, requires that we consider it as subject to the common law restrictions since its operation is not enlarged by any provision of the act.

Our conclusion is, that there was no error in sustaining the demurrer, and the judgment is affirmed.